Kelly R. Kichline, NV Bar # 10642
MGM RESORTS INTERNATIONAL
6385 S. Rainbow Blvd., Suite 500
Las Vegas, NV 89118
Telephone: (702) 692- 5651
Fax No.:     (702) 669-4501
Email:   kkichline@mgmresorts.com

*Attorneys for Defendant,*
*Aria Resort & Casino, LLC*

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EMY GONG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC d/b/a ARIA RESORT; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>        Defendants. | CASE NO.:<br><br><br>NOTICE OF REMOVAL |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant ARIA RESORT & CASINO, LLC d/b/a ARIA RESORT ("Aria" or "Defendant") hereby removes to this Court, pursuant to 28 U.S.C. § 1441, the state court action described below.

1.       On or about December 28, 2020, an action was commenced against Defendant in the Eighth Judicial District Court in the County of Clark, State of Nevada, entitled Emy Gong v. Aria Resort & Casino, LLC - Case No.: A-20-827024-C, Department 15.

2.       Defendant was served with a copy of the Summons and Complaint on March 22, 2021. **Exhibit A.**

1

3.     Exhibits A constitute all process, pleadings, and orders served upon Defendant in this action to date.

4.     The Complaint lists three causes of action: (1) "Age Discrimination/Harassment 29 U.S.C. § 626 *et seq*. / NRS § 613.330," (2) "Retaliation 42 U.S.C. § 12203 / 42 U.S.C. § 12101 *et seq*. / NRS § 613.340;" and (3) "Negligent Hiring, Training, and Supervision."

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges claims under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A § 12101 *et seq*., and under the Age Discrimination in employment Act, 29 U.S.C. § 621 *et seq*. As such, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 (federal question jurisdiction), and this case is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a), in that it is a civil action addressing a question of federal law. Accordingly, Defendant may remove this action without regard to the amount in controversy or the citizenship of the parties.

6.     Plaintiff also asserts state law claims over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7.     Defendant consents to this removal and there are no other named defendants to join herein or who are required to consent to this removal.

8.     This Notice of Removal is timely filed "within thirty days after the receipt by Defendants, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable …." 28 U.S.C. § 1446(b). The Complaint was served on March 22, 2021.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district embracing the Eighth Judicial District Court of the State of Nevada where the state court action was originally filed.

10.     Additionally, removal is timely because this case was removed less than one year after the case was commenced in the state court, in accordance with 28 U.S.C. § 1446(c)(1).

2

1          WHEREFORE, Defendant gives Notice of Removal of this case from the Eighth Judicial

2   District Court, State of Nevada, Clark County, to this Court.

3

4          DATED this 12th day of April 2021

5

6                                             Respectfully submitted,

7                                             */s/ Kelly R. Kichline*
                                              Kelly R. Kichline, NV Bar # 10642

8
                                              *Attorney for Defendant, Aria Resort & Casino,*
9                                             *LLC.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am employee of MGM Resorts International and on April 12, 2021, I electronically filed a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Steven H. Burke, Bar # 14037
LAW OFFICES OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell  Road, Suite 240
Las Vegas, NV 89148
*Attorneys for Plaintiff*
*Emy Gong*

　　　　　　　　　　　　　　　　　　*/s/Graham Theriault*
　　　　　　　　　　　　　　　　　　Graham Theriault

4

# EXHIBIT A

# EXHIBIT A



LDD / ALL
**Transmittal Number: 22952906**
**Date Processed: 03/24/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service of Process<br>MGM Resorts International<br>6385 S Rainbow Blvd<br>Ste 500<br>Las Vegas, NV 89118-3201 |
| **Electronic copy provided to:** | Kelly Kichline<br>Yvette Jauregui<br>Tina Goddard<br>Kathleen Tinnerello |

| | |
|---|---|
| **Entity:** | Aria Resort & Casino, LLC<br>Entity ID Number  3214318 |
| **Entity Served:** | Aria Resort & Casino, LLC d/b/a Aria Resort |
| **Title of Action:** | Emy Gong vs. Aria Resort & Casino, LLC d/b/a Aria Resort |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-20-827024-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 03/22/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Steven H. Burke<br>702-793-4369 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Issued
3/17/2021 12:41 PM

SUMM

# District Court

## CLARK COUNTY, NEVADA

EMY GONG, an individual;

          Plaintiff,

vs.

ARIA RESORT & CASINO, LLC d/b/a ARIA
RESORT; DOES I through X; and ROE
Corporations XI through XX, inclusive,

        Defendants.



Case No.: A-20-827024-C
Dept.: 15

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set forth in the Complaint.

### ARIA RESORT & CASINO, LLC d/b/a ARIA RESORT

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

STEVEN D. GRIERSON, CLERK OF COURT

Steven H. Burke
Nevada Bar No. 14037
Law Office of Steven H. Burke
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
Attorney for Plaintiff

By: _____    3/18/2021
    Deputy Clerk Ofelia David        Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

*NOTE:    When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure, Rule 4(b).

STATE OF _____}
                                 ) ss:           AFFIDAVIT OF SERVICE

COUNTY OF_____}

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the ___ day of_____, 2019 and served the same on the ____ day of _____, 2019 by:

**(affiant must complete the appropriate paragraph)**

1.     delivering and leaving a copy with the defendant _____ (state address)_____,

2.     serving the defendant_____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____

(Use paragraph 3 for service upon agent, completing A or B)

3.     serving the defendant_____ by personally delivering and leaving a copy at (state address) _____
         a.    with _____ as _____, an agent lawfully designated by statute to accept service of process;

         b.    with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

         ____ Ordinary mail
         ____ Certified mail, return receipt requested
         ____ Registered mail, return receipt requested

         addressed to the defendant _____ at the defendant's last known address which is (state address) _____.

         Executed this _____ day of_____, 20_____.

                     _____
                     Signature of person making service

SUBSCRIBED AND SWORN to before me this

___ day of _____, 2019.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
12/28/2020 1:30 PM
Steven D. Grierson
CLERK OF THE COURT

1   **COMJD**
STEVEN H. BURKE, ESQ.
2   Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
3   D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
4   Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
5   Email: stevenburkelaw@gmail.com

6   *Attorney for Plaintiff*

**CASE NO: A-20-827024-C**
**Department 15**

7

8                   **EIGHTH JUDICIAL DISTRICT COURT**

                        **CLARK COUNTY, NEVADA**

9

10   EMY GONG, an individual             Case No.
                                   Dept. No.
           Plaintiff,
11

12   vs.                                **COMPLAINT WITH JURY DEMAND**

13   ARIA RESORT & CASINO, LLC d/b/a
ARIA RESORT; DOES I through X; and
14   ROE Corporations XI through XX,
inclusive,
15

16           Defendant.

17                               **COMPLAINT**

18       COMES NOW Emy Gong ("Plaintiff" or "Ms. Gong"), by and through her attorney,

19   Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files her Complaint and

20   complains of Aria Resort & Casino, LLC d/b/a Aria Resort. ("Defendant" or "Aria") as follows:

21                        **VENUE AND JURISDICTION**

22       1.     This is a civil action for damages under state and federal laws prohibiting unlawful

23   employment actions and to secure the protection of and to redress deprivation of rights under

24   these laws.

25       2.     Jurisdiction and venue are based upon federal and state law.

26       3.     Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada

27   state and common law.

28       4.     Plaintiff hereby designates Clark County as the venue for this proceeding per NRS

*Law Office of Steven H. Burke, LLC*
*d.b.a. The 808 Firm*
*9205 W. Russell Rd., Ste. 240, Las Vegas, NV 89148*
*TEL.: (702) 793-4369  FAX: (702) 793-4301*

§ 13.040 and files in the Eighth Judicial District Court accordingly.

5.    The alleged unlawful employment actions occurred in this judicial district.

### PARTIES

6.    At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7.    At all times relevant, Defendant is and was a Nevada Corporation incorporated under the laws of the State of Nevada and listed as a Domestic Corporation with the Nevada Secretary of State.

8.    At all times relevant, Defendant was conducting business in Clark County, Nevada.

9.    At all times relevant, Defendant had custody and/or control over Plaintiff and her employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10.    At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11.    At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12.    The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13.    Plaintiff hereby demands a jury trial on all issues triable by jury herein.

### PROCEDURAL REQUIREMENTS

14.    Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Nevada Equal Rights Commission ("NERC") on or about March 4, 2019. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4569  FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4501

15.  On or about September 29, 2020, NERC issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

16.  In April, 2013, Ms. Gong began her employment with Defendant as a Massage Therapist.

17.  At all times relevant, Ms. Gong was an exemplary employee while employed by Defendant.

18.  In 2018, Ms. Gong's boss was replaced by Ms. Stephanie Doud ("Ms. Doud") as the Spa Director.

19.  Upon information and belief, Ms. Doud began to immediately treat Ms. Gong disparately based on her age.

20.  Other massage therapists that were younger in age were not reprimanded for the same actions of Ms. Gong.

21.  Ms. Gong understood Ms. Doud's acts as stereotypical and discriminatory on the basis of her age.

22.  Despite this hostile work environment, Ms. Gong continued to be an excellent employee.

23.  Ms. Gong made internal complaints to Aria about Ms. Doud's disparate treatment.

24.  Upon information and belief, Aria did not investigate Ms. Gong's complaints about Ms. Doud.

25.  In October, 2018, Defendant terminated Ms. Gong.

26.  Defendant's termination of Ms. Gong occurred a short time after Ms. Gong made internal complaints about Ms. Doud.

27.  Defendant's proffered reason of terminating Ms. Gong was for performance issues.

28.  Defendant's proffered reason for termination was pretextual.

29.  Ms. Gong was terminated in retaliation for making complaints about Ms. Doud.

30.  Upon information and belief, Ms. Doud was terminated for discriminating against Ms. Gong and other Aria employees a short time after Ms. Gong was terminated.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

### FIRST CAUSE OF ACTION
### AGE DISCRIMINATION / HARASSMENT
### 29 U.S.C. § 626 *et seq.* / NRS § 613.330

31.     Ms. Gong hereby realleges and incorporates each and every allegation previously made herein.

32.     At all times relevant, Ms. Gong was an individual over the age of forty (40).

33.     Ms. Gong was an exemplary employee and qualified for her position.

34.     Despite her qualifications, Defendant, through the actions of its agents as more fully set forth above, subjected Ms. Gong to adverse employment actions, including, but not limited to, harassing Ms. Gong based on her age, and by discriminating against and eventually terminating Ms. Gong on the basis of her age.

35.     Defendant, through its agents, participated in conduct that was degrading to Ms. Gong and others over the age of 40. Such conduct had the purpose or effect of creating an intimidating, hostile, and offensive work environment, and had the purpose or effect of unreasonably interfering with Ms. Gong's work performance.

36.     The acts and/or omissions of Defendant and its agents complained of herein are in violation of 29 U.S.C. § 626 *et seq.*

37.     The acts and/or omissions of Defendant and its agents complained of herein are in violation of NRS § 613.330 *et seq.*

38.     As a direct and proximate result of Defendant's unlawful activity, Ms. Gong has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

39.     The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Ms. Gong and, thus, Ms. Gong is entitled to punitive damages with respect to her claim.

40.     As a result of Defendant's conduct, as set forth herein, Ms. Gong has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

/ / /

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL. (702) 793-4369 FAX: (702) 793-4301

## SECOND CAUSE OF ACTION
### RETALIATION
### 42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq.* / NRS § 613.340

41.     Ms. Gong hereby realleges and incorporates each and every allegation previously made herein.

42.     As set forth more fully above, Defendant retaliated against Ms. Gong when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal complaint(s) and/or discussion(s) with Defendant.

43.     There exists a temporal proximity in relation to Ms. Gong's complaints of unlawful discrimination and Ms. Gong's resulting termination.

44.     Defendant subjected Ms. Gong to undeserved disciplinary conduct and eventually laying her off in close proximity after Ms. Gong complained to Defendant of discriminatory behavior.

45.     Defendant retaliated against Ms. Gong when she opposed discrimination and unlawful conduct by terminating Ms. Gong and subjecting her to harassing behavior.

46.     Defendant's termination of Ms. Gong constituted a retaliatory discharge in violation of 42 U.S.C. § 12203, 42 U.S.C. § 12101 *et seq.*, and NRS § 613.340.

47.     By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Ms. Gong's protected rights. As a result, Ms. Gong has been damaged.

48.     As a direct and proximate result of Defendant's unlawful activity, Ms. Gong has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

49.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Ms. Gong is entitled to an award of exemplary or punitive damages.

50.     As a result of Defendant's conduct, as set forth herein, Ms. Gong has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4569   FAX: (702) 793-4501

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

51.    Ms. Gong hereby realleges and incorporates each and every allegation previously made herein.

52.    Defendant breached its duty of reasonable care to protect Ms. Gong from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

53.    Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Ms. Gong.

54.    Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

55.    As a direct and proximate result of Defendant's conduct described hereinabove, Ms. Gong has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

56.    As a result of Defendant's conduct, as set forth herein, Ms. Gong has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

57.    Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Ms. Gong is entitled to an award of exemplary or punitive damages

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in excess of $15,000.00;

2.    For special damages;

3.    For consequential damages;

4.    For punitive damages;

5.    For all damages and relief owed to Plaintiff under the Nevada Constitution and Nevada law;

6.    For attorneys' fees and costs incurred in this action; and

7.    Such other and further relief as the Court may deem just and proper.

1

DATED this 28th day of December, 2020.

2

3                                                LAW OFFICE OF STEVEN H. BURKE

4                                      By:        /s/ Steven H. Burke
                                                 STEVEN H. BURKE, ESQ.
5                                                Nevada Bar No.: 14037
                                                 9205 W. Russell Rd., Ste. 240
6                                                Las Vegas, Nevada 89148
                                                 T:  702-793-4369  |  F:  702-793-4301
7                                                Email: stevenburkelaw@gmail.com
                                                 *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | 34B-2019-00204 |

Nevada Equal Rights Commission                                     and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Emy Gong** | **(702) 539-9357** | **1951** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1748 Jupiter Ct. Apt. C, Las Vegas, NV 89119** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ARIA RESORT** | **500 or More** | **(702) 590-9604** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3730 S. Las Vegas Blvd.,  Las Vegas, NV 89109** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [ ] RETALIATION | [X] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10/01/2018**     Latest **10/01/2018**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Respondent discriminated against me due to my age (67).  I was discharged.  I filed my complaint with the Nevada Equal Rights Commission on November 19, 2018.

I worked for the Respondent from April 1, 2013 through October 1, 2018 as a Massage Therapist.

Starting on or about late September of 2018, a guest made a complaint against me claiming that I was attempting to push them into purchasing a hot stone treatment. However, I was only trying to inform the customer that the hot stone service was included in the service they were already paying for. Management sided with the customer and terminated my employment in early October of 2018. I learned that after my termination my position was filled by an individual under the age of 40. I believe Respondent terminated my employment on the basis of age.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| *March 4, 2019*  _____  Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT "2"

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/69)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | |
| | [X] EEOC | 34B-2019-00204 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

I believe the Respondent's actions violated the Age Discrimination in Employment Act (ADEA), and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *March 4, 2019* _____<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

NEVADA EQUAL RIGHTS
COMMISSION



**Nevada Department of Employment,
Training and Rehabilitation**

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

September 29, 2020

Steven Burke, Esq.
A LIMITED LIABILITY CORPORATION
9205 W. Russell Rd., Ste. 240
Las Vegas, NV 89145

**Sent Via Email Only**

RE:   Emy Gong vs Aria Resort
      NERC No.0913-19-0126L   EEOC No. 34B-2019-00204

Dear Mr. Burke:

On **September 11, 2020**, your client was notified that the Nevada Equal Rights
Commission was unable to substantiate your client's allegations of discrimination and
were provided fifteen (15) days to seek reconsideration of this decision. As you have not
sought reconsideration, your client's case has been closed.

Your client may request a substantial weight review of NERC's findings by the federal
Equal Employment Opportunity Commission (EEOC), Los Angeles District Office,
located at 255 E. Temple Street, 4th floor, Los Angeles, CA 90012. This request must
be made in writing within 15 days of the date of this letter.

**Right-to-Sue Notice: This letter constitutes your state Right-to-Sue Notice.**

Please be advised that the NERC's adverse determination does not preclude your client
from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal
Rights Commission does not conclude that an unfair employment practice . . . has
occurred, the Commission shall issue a right-to-sue notice . . . the person alleging such a
practice has occurred may bring a civil action in district court not later than 90 days after
the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If your client has any further questions regarding the case, your client should consult with your office.

Sincerely,

*Susanne Garcia*
Susanne Garcia
Compliance Investigator II

cc: Emy Gong